The document below is hereby signed.

Signed: December 15, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
MARY HOOKER ROBINSON,          )   Case No. 17-00394
                               )   (Chapter 13)
          Debtor.              )   Not for publication in
                               )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMOVE TRUSTEE

The debtor has filed a *Motion to Remove Chapter 13 Standing Trustee for Good Cause Pursuant to 11 U.S.C. § 324* (Dkt. No. 49). The *Motion*'s allegations of misconduct by the trustee do not suffice to show cause under 11 U.S.C. § 324(a) to remove the trustee. Only three allegations warrant some discussion.

First, the *Motion* alleges that the trustee falsely stated that the debtor had requested a continuance of the meeting of creditors. As the record demonstrates, the debtor failed to file before the meeting of creditors the documents she was required to file under 11 U.S.C. § 521(a)(1), thus necessitating a continuance of the meeting of creditors. That conduct of the debtor was tantamount to a request to continue the meeting of

creditors.

Second, the *Motion* addresses the trustee's comments regarding a creditor's rights.  The automatic stay expired in this case pursuant to 11 U.S.C. § 362(c)(3).  The debtor accuses the trustee of taunting her regarding how Bank of America could sell her home without redress for the debtor.  However, with the automatic stay having expired, the automatic stay was not a bar to the Bank of America pursuing its nonbankruptcy law remedies.  A trustee's explaining to the debtor the trustee's view of the rights of creditors does not constitute grounds for removal.

Third, the *Motion* accuses the trustee of engaging in "*ex parte* contacts and concerns to help DC Superior Court Judges—colluding with bad BofA agents at Samuel I. White PC."  The trustee's communications with counsel for Bank of America regarding the status of the case do not constitute misconduct warranting the removal of the trustee.  Unlike a judge, a trustee is free to communicate with creditors in the case other than via filings in the case, and to share views regarding the status of the case, including, in this case, noting her view that the automatic stay had expired so that the Superior Court proceeding could resume without violating the automatic stay.  Indeed, under 11 U.S.C. § 704(a)(7), made applicable in this case by 11 U.S.C. § 1302(b)(1), the trustee was required to "furnish such information concerning the estate and the estate's administration

2

as requested by a party in interest."

The remaining allegations of the *Motion* are conclusory allegations of misconduct providing no factual basis upon which the court could find grounds for removing the trustee. For example, the *Motion* accuses the trustee of having slandered and defamed the debtor's reputation, but fails to set forth any false statement the trustee made regarding the debtor.

In light of the foregoing, it is

ORDERED that the *Motion to Remove Chapter 13 Standing Trustee for Good Cause Pursuant to 11 U.S.C. § 324* (Dkt. No. 49) is denied without prejudice to filing a motion setting forth facts constituting a basis for removal of the trustee.

[Signed and dated above.]

Copies to: Debtor; e-recipients of orders.